IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CASE NO. 7:25-CR-95-D-BM

UNITED STATES OF AMERICA

v.

ZACHARY CHARLES NEWELL

**SENTENCING MEMORANDUM**

This Court must decide two guidelines issues at sentencing: whether, beyond a reasonable doubt, the defendant selects his threats victims because of their race and whether he obstructed justice. Both enhancements apply, and the Presentence Investigation Report therefore properly calculates the defendant's guidelines range.

**FACTUAL AND PROCEDURAL SUMMARY**

The Presentence Investigation Report (PSR) describes the defendant's offense conduct in greater detail. (PSR ¶¶ 5-9). On August 26 and 27, 2025, using the screenname "CommentatorsHateMe," the defendant posted threatening messages on YouTube beneath videos discussing a televised wrestling fight between Raja Jackson, a black male, and Jackson's opponent. On August 26, the defendant wrote, "You're an incel pssy. A literal GGER hiding in Germany. Wait until they gut you like the animal you are. The amount of pain and suffering black people are about to suffer makes me so happy." On August 27, he wrote, "I'm gonna shoot up a black pre school. 20 black babies will be shot and then skinned like the animals they are."

Google provided a CyberTip listing some additional posts CommentatorsHateMe had made on the website:

1

- 8/4/25 – "I'm gonna be laughing when people like you start getting killed in the streets. LOL. It's gonna be so fun to make you suffer until your last breath."

- 7/9/25 – "You're an ugly GGER lmao. These movies fail because you GGER DEI shitstains suck at everything you do. You've needed a Jew at every step of the way. Don't worry fugly gger, you'll be hanging from trees soon enough."

- 2/26/25 – "Can't wait to start genociding  you commies. Gonna be so fun."

- 2/26/25 – "Your days are numbered gger"

- 11/2/24 – "Did you whole beaner family come to the US if they're proud of being Mexican. Weird how that works right? Can't wait to start killing you worthless apes."

- 9/24/24 – "You're lucky you haven't been killed yet. We're reaching that point and you're going back to the shithole you originate from."

- 8/5/24 – "Can't wait to start killing your people. Fun times ahead."

A Google search warrant confirmed yet more offensive comments the defendant had posted online based on race and religion, among other statuses.

During a law enforcement interview, NEWELL admitted posting similar comments on Twitter/X. He stated that he had begun watching extremist content on Twitter, especially posted by "The General," that blamed Jews and immigrants for various problems. NEWELL denied intending to carry out the shooting. He also denied actually holding racist or antisemitic views when out in public but admitted that he began believing the conspiracy theories he read about on the internet.

NEWELL told agents that he had begun searching demographics in various cities but denied having any intent to act on that information. He claimed his

interest was academic. NEWELL admitted to deleting his search history on his computer after being released on state bond; he claimed that he was embarrassed about pornography searches.

## ARGUMENT

This Court should find that the hate-crimes enhancement, USSG § 3A1.1(a), applies because the defendant deliberately targeted victims because of their race, color, or ethnicity. The obstruction enhancement applies because, regardless which government was investigating him, he deleted evidence of his crimes after his state arrest.

### A. The Hate-Crimes Enhancement Applies Because the Defendant's Offense Conduct Targeted Black Victims.

If this Court "determines beyond a reasonable doubt that the defendant intentionally selected any victim . . . as the object of the offense of conviction because of the actual or perceived race, color, . . . [or] ethnicity . . . of any person," a three-level enhancement applies. USSG §3A1.1(a). Courts apply the enhancement when the evidence shows the defendant was targeting victims based on a protected status. *See United States v. Sherifi*, 107 F.4th 309, 319 (4th Cir. 2024) (citing *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 154 (2d Cir. 2008)).

Little case law exists interpreting this provision. *Burrage v. United States* explained, however, that "because of" means but-for causation. 571 U.S. 204, 212 (2014). A but-for cause is not necessarily the only cause; other links or factors can influence a result. *Id.* at 211-12. But the act must be one necessary link in the causal chain.

3

The enhancement applies here for three reasons. First, the content of the defendant's charged threat intrinsically meets the standard. He wrote, "I'm gonna shoot up a black pre-school. 20 black babies will be shot and then skinned like the animals they are." The racial motivation is unmistakable. Second, the context of that comment made clear that race motivated it. The defendant was responding to reports about an incident that occurred during a professional wrestling match. Raja Jackson, a black wrestler, had allegedly gone overboard during a wrestling match and injured his opponent so severely that Jackson was charged criminally.[1] And third, the defendant—as he admitted—became enthralled in divisive rhetoric online and began posting racially and religiously offensive comments.

Beyond a reasonable doubt is a high bar. But here, there is no other explanation why the defendant posted his threat other than racial bias. His threats to kill Black preschoolers and skin them like animals was as alarming as it was disgusting. The enhancement applies.

### B.     The Obstruction Enhancement Applies because the Defendant Deliberately Deleted Evidence after His State Arrest.

Courts have repeatedly applied the obstruction enhancement, USSG §3C1.1, when the defendant deleted digital evidence or directed others to. *E.g.*, *United States v. Cheatham*, 601 F. App'x 194, 200 (4th Cir. 2015) (defendant "instructed his coconspirator to delete text messages and photos") (citing *United States v. Malki*, 609 F.3d 503, 511 (2d Cir. 2010)); *United States v. Kempter*, 29 F.4th 960, 967 (8th Cir.

---

[1] Brett Okamoto, *Rampage Jackson's Son, Raja, Facing Multiple Battery Charges*, ESPN.com (Oct. 8, 2025), https://www.espn.com/mma/story/_/id/46533291/rampage-jackson-son-raja-facing-multiple-battery-charges (last visited Mar. 18, 2026).

4

2022) (defendant persuaded his minor victim of sexual enticement to delete her social media and call history to "avoid detection" and "prevent her parents from finding her"); *United States v. Flores*, 802 F.3d 1028, 1048 (9th Cir. 2015) (defendant "asked her cousin to delete Facebook content").

The defendant argues that the enhancement does not apply because, when he deleted evidence, he was not aware of a federal (versus a state) investigation. But the obstruction guideline "draws no distinction between a federal investigation and a state investigation." *United States v. Leach*, No. 21-4661, 2023 WL 4181271, at *2 (4th Cir. Jun. 26, 2023) (quoting *United States v. Self*, 132 F.3d 1039, 1042-43 (4th Cir. 1997)). The point of the guideline is obstructing the administration of justice—the prosecuting sovereign is irrelevant. *See id.*

Here, the defendant's own statement indicates that he was posting potentially criminal statements on other platforms, including on Twitter/X. The government never found those posts, likely because the defendant deleted them. This enhancement applies too.

## **CONCLUSION**

This Court should apply the three-level hate-crimes enhancement, USSG § 3A1.1(a), and the obstruction enhancement, USSG §3C1.1.

Respectfully submitted this 18th day of March, 2026.

W. ELLIS BOYLE
United States Attorney

/s/ ERIN C. BLONDEL
ERIN C. BLONDEL
Assistant United States Attorney
Criminal Division
U.S. Attorney's Office, EDNC
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
erin.blondel@usdoj.gov
Telephone: 919-856-4458
Fax: 919-856-4487
NC Bar No. 46977

6

## <u>CERTIFICATE OF SERVICE</u>

This certifies that a copy of this memorandum has, this 18th day of March, 2026, been served upon the defendant by CM/ECF as follows:

J. Merritt Wagoner
The Wagoner Law Firm, PLLC
401 Chestnut Street, Suite K
Wilmington, NC 28401

/s/ ERIN C. BLONDEL
ERIN C. BLONDEL
Assistant United States Attorney
Criminal Division
U.S. Attorney's Office, EDNC
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
erin.blondel@usdoj.gov
Telephone: 919-856-4458
Fax: 919-856-4487
NC Bar No. 46977

7